**NATIONAL FRATERNAL ORDER OF DRAFTEES, Appellants, v. BOARD OF LIQUOR CONTROL, Appellees.**

Ohio Appeals, Second District, Franklin County.

No. 4766. Decided February 16, 1953.

Charles G. Schnur, Akron, for appellants.

Hon. C. William O'Neill, Atty. Genl., Ralph N. Mahaffey, Asst. Atty. Genl., Columbus, for appellees.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court affirming an order of the Board of Liquor Control affirming an order of the Department of Liquor Control refusing to renew a D-5 permit of appellant on its application.

Hereinafter we refer to the Board of Liquor Control as the Board, to the Department of Liquor Control as the Department.

Each of the findings of the Department, affirmed by the Board is the subject of an assignment of error. We discuss them in their order.

■ That applicant is not the owner or operator of a "night club" as the same is defined in §6064-1 GC, in that the business is not regularly and habitually operated and that applicant falsely represented, under oath, that the business was so operated.

We do not hold that to operate regularly and habitually requires the operation continuously one night after another but it is clear that, according full credit to the testimony as to the times when and conditions under which the permit business was carried on, it was not regularly and habitually operated. Such operation as appears was irregular, nights apart, and at varying intervals.

■ That applicant is not a "Club" as defined in §6064-1 GC, in that it is not operated solely for the purposes therein set forth, nor for the membership, nor is there any prepayment of regular dues. That applicant in its renewal application stated that it operates "for benefit of members" only. The record supports this finding. These facts standing alone would not, in probability, justify the refusal of the issuance of the permit. The "Club" defined in §6064-1 GC is not synonymous with "Night Club," nor is it requisite that applicant be a club to secure a permit to operate a Night Club. The finding in conjunction with others which follow was material as to the right of applicant to a permit.

■ Applicant is not a bona fide fraternal organization or corporation not for profit. Although the finding that applicant is not a fraternal organization is assigned as a ground of error it is not urged in appellant's

brief and it is conceded, as is obvious, that it is not such an organization. Its title implies that it is a fraternal organization. The basis for the conclusion that appellant is not a corporation "not for profit" is that it does not comply with §8623-97 GC, et seq, in that no records are kept to indicate that members become part of the organization upon joining, financial records are incomplete, there are no minutes of meetings held by the membership, nor are meetings being held. All of these findings were justified when the Department made its investigation concerning the application for permit. Just when it was changed somewhat by a reconstruction of the records does not appear but such records were mentioned but not made a part of the transcript before the Board on the appeal. It is clear that membership dues were not prepaid.

Whether the status of applicant as a corporation not for profit may be challenged, inasmuch as it is so certified, other than by Quo Warranto, has not been discussed. We believe that the Department had the right to inquire into the matters which it determined as affecting the advisability of issuing the permit.

■ That applicant is sponsoring Bingo games at another location and using the profits therefrom to meet expenses at the premises for which the permit has been issued, including payment of the mortgage on the real property. This conclusion is supported by the record but standing alone was not sufficient, in our judgment, to support a denial of the permit.

■ That, in fact and effect, the business at the permit premises is being conducted by one, Carmel G. Hall, in violation of §6064-20 GC. This conclusion is inferable from the record.

Upon the facts developed the Department was justified in holding that the appellant-applicant was but a shadow and not the substance; that the entity organized as a corporation not for profit, if it had at any time carried on the purposes of its organization or had been a club in any sense of the term, had ceased to so function, that, at the most, it had but a few members, in name only, who had not qualified by payment of dues and who were receiving little, if any, benefit from the organization. When, then, the business was carried on almost exclusively by an individual, Carmel G. Hall, whose payment, designated salary, took most of the income, the Department was justified in drawing the inference to support the 5th finding.

All of the findings save No. 4 were in accord with the facts developed and taken together fully supported the action of the Department in refusing to issue a permit to the applicant as requested, and the affirmance of this action by the Board, and by the Court of Common Pleas was without prejudice to appellant.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.